UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MELISSA A. LEARY,

            Plaintiff,

v.

LIBERTY INSURANCE CORPORATION,

            Defendant.

Case No.: 6:23-cv-06002-FPG

**ANSWER**

      Defendant LIBERTY INSURANCE CORPORATION by its attorneys Goldberg Segalla LLP, as and for its answer to the Complaint herein, alleges as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶1 of the complaint.

      2.     Denies the allegations contained in ¶2 of the complaint, except admits that it is authorized to, and does insure certain risks in the State of New York, and further states that it is organized and exists pursuant to the las of the State of Illinois.

      3.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶3 of the complaint.

      4.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶4 of the complaint.

      5.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶5 of the complaint.

      6.     Denies the allegations contained in ¶6 of the complaint, except admits that issued a certain policy of insurance to WE Grathouse III and Melissa A Leary, policy number H372215946174009, the terms and conditions of which speak for themselves.

7. In response to ¶7 of the complaint, states that the policy referred to therein speaks for itself, and therefore denies the allegations in said paragraph.

8. In response to ¶8 of the complaint, states that the policy referred to therein speaks for itself, and therefore denies the allegations in said paragraph.

9. In response to ¶9 of the complaint, states that the policy referred to therein speaks for itself, and therefore denies the allegations in said paragraph.

10. Denies the allegations contained in ¶10 of the complaint.

11. Denies the allegations contained in ¶11 of the complaint, except admits that defendant investigated the claim, and thereafter disclaimed liability and denied coverage for the claim.

12. In response to ¶12 of the complaint, repeats and realleges responses contained in ¶¶1-11 herein as if fully set forth hereat.

13. Denies the allegations contained in ¶13 of the complaint.

14. Denies the allegations contained in ¶14 of the complaint.

15. In response to ¶15 of the complaint, states that the letter referred to therein and attached as Exhibit A thereto, speaks for itself, and therefore denies the allegations in said paragraph.

16. Denies the allegations contained in ¶16 of the complaint.

17. Denies the allegations contained in ¶17 of the complaint.

18. In response to ¶18 of the complaint, states that the terms of the policy referred to therein speak for themselves, and therefore denies the allegations in said paragraph.

19. Denies the allegations contained in ¶19 of the complaint.

20. Denies the allegations contained in ¶20 of the complaint, except admit that

defendant made a payment of $6,500.

21.     Denies the allegations contained in ¶21 of the complaint.

## AFFIRMATIVE DEFENSES

22.     The complaint fails to state a claim for which relief may be granted.

23.     Coverage for the claims for which plaintiff seeks coverage is precluded, in whole or in part, by the applicable terms, conditions, limitations and exclusions of the policy.

24.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, laches, estoppel, and/or unclean hands.

25.     Coverage, if any, is subject to any applicable limits and deductibles set forth in the policy.

26.     Coverage under the policy, if any, is excluded to any insured who commits or directs and an act with the intent to cause a loss. The fire for which coverage is sought was deliberately and intentionally set as the direction of the insured.

27.     Coverage under the policy, if any, is excluded due to plaintiff's intentional exaggeration of the claim.

28.     Coverage under the policy, if any, is excluded due to plaintiff's intentional misrepresentation of the claim.

WHEREFORE, defendant demands judgment dismissing the complaint, together with the costs and disbursements of this action, and any such other and further relief as the court may deem just and proper.

DATED:     Buffalo, New York
               February 6, 2023            GOLDBERG SEGALLA LLP

                                             s/ *Jonathan Schapp*
By:_____
Jonathan Schapp
*Attorneys for Defendant*
665 Main Street
Buffalo, New York 14203
Tel: (716) 566-5400
jschapp@goldbergsegalla.com